**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| IN RE: | : CASE NO: 16-11112-SDR |
|  | : CHAPTER: 13 |
|  | : |
| **CAROL VARNER BALLARD** | : |
|     Debtors | : |
| ----- | ----- |
| **AGFIRST FARM CREDIT BANK,** | : |
|     Movant, | : |
|  | : **CONTESTED MATTER** |
| vs. | : |
|  | : |
| **CAROL VARNER BALLARD** | : |
| **BRIAN T BALLARD, Co-Debtor** | : |
| **KARA L WEST, Trustee** | : |
|     Respondents. | : |

**NOTICE OF HEARING**

NOTICE IS HEREBY GIVEN THAT:

A hearing will be heard on **October 20, 2016, at 1:30 PM, United States Bankruptcy Court, Courtroom No. 3A, Historic U.S. Courthouse, 31 East 11th Street, Chattanooga, Tennessee 37402-2722** on the following:

Motion of AgFirst Farm Credit Bank for Relief from Automatic Stay and Co-Debtor Stay

**If you do not want the Court to grant the relief requested, you or your attorney must attend this hearing. If you do not attend the hearing, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting the requested relief.**

Dated: 9/29/16

By: /s/ Natalie Brown
Natalie Brown
TN BPR No. 022452
Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN 38103
(877) 813-0992
nbrown@rubinlublin.com
Attorney for Creditor

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | : CASE NO: 16-11112-SDR |
| | : CHAPTER: 13 |
| | : |
| CAROL VARNER BALLARD | : |
|     Debtor | : |
| ------------------------------------- | ----------------------------------- |
| AGFIRST FARM CREDIT BANK, | : |
|     Movant, | : |
| | : CONTESTED MATTER |
| vs. | : |
| | : |
| CAROL VARNER BALLARD | : |
| BRIAN T BALLARD, Co-Debtor | : |
| KARA L WEST, Trustee | : |
|     Respondents. | : |

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## AND CO-DEBTOR STAY (REAL PROPERTY)

AgFirst Farm Credit Bank ("Movant") hereby moves this Court for relief from the automatic stay, pursuant to 11 U.S.C. § 362 and Co-Debtor relief pursuant to 11 U.S.C.§ 1301 with respect to certain real property of the Debtors having an address of **184 PAUL LANE DRIVE, DAYTON, TN 37321** (the "Property"), for all purposes allowed by law, the Note (defined below), the **Deed of Trust** (defined below), and applicable law, including but not limited to the right to foreclose. **Brian T Ballard,** is the Co-Debtor on the loan that is the subject of this Motion. In further support of this Motion, Movant respectfully states:

1. The Debtor has executed and delivered or are otherwise obligated with respect to that certain promissory note in the original principal amount of **$187,700.00** (the "Note"). A copy of the Note is attached hereto as Exhibit "A". Movant is an entity entitled to enforce the Note.

2. Pursuant to that certain **Deed of Trust** (the "**Deed of Trust**"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the **Deed of Trust** are secured by the Property. A copy of the **Deed of Trust** is attached hereto as Exhibit "B".

3. The legal description of the Property and recording information is set forth in the **Deed**

**of Trust**, a copy of which is attached hereto, and such description and information is incorporated and made a part hereof by reference.

4. LoanCare, LLC services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of AgFirst Farm Credit Bank, NOTEHOLDER. Note holder, directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Note holder or has been duly endorsed.

5. As of the filing of the petition(s) of the Debtor, the outstanding amount of the Obligations was **$164,072.12**.

6. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred **$1,026.00** in legal fees and costs. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

7. As of **September 1, 2016**, there is an arrearage deficiency of $**2,184.33** (not including Bankruptcy Fees and Costs mentioned above). This figure is comprised of the following:

| Description | From | To | Quantity | Amount | Total |
| --- | --- | --- | --- | --- | --- |
| Missed Payment Group 1 | 07/01/2016 | 09/01/2016 | 3 | $971.70 | $2,915.10 |
| Suspense Balance Credit | | | 1 | $-730.77 | $-730.77 |
| Total Arrearage Deficiency (not including Bankruptcy Fees and Costs): | | | | | $**2,184.33** |

8. The estimated market value of the Property is **$231,600.00**. The basis for such valuation is **Debtor`s Schedule A.**

9. Cause exists for relief from the automatic stay for the following reasons:

      a.    Movant's interest in the Property is not adequately protected.

      b.    Movant's interest in the collateral is not protected by an adequate equity cushion.

      c.    Post-Petition payments have not been received by Movant.

      d.    Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and Co-Debtor stay and granting the following:

1.    Relief from the stay and the Co-Debtor stay for all purposes allowed by law, the Note, the **Deed of Trust**, and applicable law, including but not limited allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2.    That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3.    That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4.    Movant further requests that upon entry of an order granting relief from stay, it be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 in the instant bankruptcy case.

  5. For such other relief as the Court deems proper.

RUBIN LUBLIN TN, PLLC

/s/ Natalie Brown                 Date: September 29, 2016
Natalie Brown
TN BPR No. 022452
Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN 38103
(877) 813-0992
nbrown@rubinlublin.com
Attorney for Creditor

CERTIFICATE OF SERVICE

      I, Natalie Brown of Rubin Lublin TN, PLLC certify that on the 29th day of September, 2016, I caused a copy of the Notice of Hearing, Motion for Relief from Automatic Stay and Co-Debtor Stay (Real Property), and actual copies of the attachments to be filed in this proceeding by electronic means and to be served as follows:

The following parties were served by electronic notice:

W. Thomas Bible, Jr.,Esq.
wtbibleecf@gmail.com

Kara L West
chattecf@ch13cha.com

The following parties were served by standard First-Class U.S. Mail:

Brian T Ballard
997 Fisher Rd
Dayton, TN 37321

Carol Varner Ballard
184 Paul Lane Drive
Dayton, TN 37321


Executed on 9/29/16
By:/s/ Natalie Brown
Natalie Brown
TN BPR No. 022452
Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN 38103
(877) 813-0992
nbrown@rubinlublin.com
Attorney for Creditor