

**SO ORDERED.**
**SIGNED this 14th day of February, 2017**

_/s/ Shelley D. Rucker_
**Shelley D. Rucker**
**UNITED STATES BANKRUPTCY JUDGE**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TENNESSEE

IN RE:  
CAROL VARNER BALLARD  
    Debtor(s)

CASE NO. 16-11112 SDR

CHAPTER 13

### ORDER GRANTING MOTION TO MODIFY
### AND CONFIRMING MODIFIED PLAN

The debtor has filed a motion to modify the confirmed chapter 13 plan. It appearing that all affected creditors have been served with copies of the motion, the proposed modified plan, and the required Notice; that no objections have been filed or any objections have been overruled or withdrawn; and that the modified plan meets the requirements of the Bankruptcy Code;
IT IS ORDERED THAT:

1. The motion of the debtor to modify is granted;
2. If the plan provides for surrender of property in which a creditor has an interest, whether as a lienholder or as a lessor, the automatic stay under 11 U.S.C. § 362 (a) is terminated upon entry of this order to allow the creditor to foreclose upon, repossess, or otherwise proceed *in rem* against that property;
3. The proposed modified plan, a copy of which is attached, is hereby confirmed and is the plan of the debtor;
4. Upon request by the trustee pursuant to 11 U.S.C. § 521(f)(1), the debtor(s) shall file with the court, at the same time filed with the taxing authority, a copy of each federal income tax return required under applicable law (or, at the election of the debtor(s), a transcript of such tax return) with respect to each tax year of the debtor(s) ending while the case is pending under chapter 13. Alternatively, the debtor(s) may submit the aforesaid documents directly to the trustee instead of filing them with the court.
5. A De Novo review is scheduled for May 4, 2017, at 2:00 p.m. regarding payments.

###

APPROVED FOR ENTRY BY:
/s/ Kara L. West
Kara L. West
Chapter 13 Standing Trustee
P.O. Box 511
Chattanooga, TN  37401
(423) 265-2261

Case 1:16-bk-11112-SDR Doc 79-1 Filed 12/29/16 Entered 12/29/16 11:38:51 Desc Proposed Modified Plan Page 1 of 2

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE
## SOUTHERN DIVISION

IN RE: ) Case #: 16-11112 SDR
Carol Ballard ) Chapter 13
Debtor(s) )
)

## MODIFIED CHAPTER 13 PLAN
*Dated: December 29, 2016*

**1. Payments and Term.** $3050.00
The debtor will pay the Chapter 13 Trustee ~~$2,850.00~~ per month by wage order to Rhea County Board of Education due by the ~~20th~~ 10th and the following additional monies: ~~None~~ Plus tax refunds

**2. Priority Claims (including administrative expenses).**
(a) All administrative expenses under 11 U.S.C. §§ 503(b) & 1326 will be paid in full.

(b) Except as provided in paragraph 6 below, claims entitled to priority under 11 U.S.C. § 507 will be paid in full in deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance the allowed filed claim.

**3. Secured Claims.**
(a) *Cramdowns.* The holders of the following allowed secured claims retain the liens securing such claims and will be paid by the trustee the value of the security, capped by the filed claim, in the manner specified below; the trustee may increase payments to secured creditors to ensure timely amortization. The portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below.

| Creditor | Collateral | Value | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| Community Southern | 2011 Toyota Tacoma | Amount of Allowed Claim | $557.00 | 7.25 |
| Kia Motor Finance | 2014 Kia Optima | Amount of Allowed Claim | ~~$339.00~~ $345.00 | 5% |

(b) *Surrender.* The debtor will surrender the following collateral and the creditor will have an allowed deficiency claim, which will be paid as unsecured under paragraph 4(a) below.

| Creditor | | Collateral to Be Surrendered | | |
|---|---|---|---|---|
| Ford Motor Credit | 2013 Ford F650 | ~~Amount of Allowed Claim~~ | ~~$1,170.00~~ | ~~5%~~ |
| Ford Motor Credit | 2015 Ford F650 | ~~Amount of Allowed Claim~~ | ~~$1,190.00~~ | ~~5%~~ |

. (c) *Long-Term Mortgages and Mobile Homes (Including doublewides or modular homes).* The holders of the following claims will retain their liens and will be paid monthly maintenance payments, which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount in the filed claim, absent an objection. The amount of any maintenance payment to be paid pursuant to 11 U.S.C.§1322(b)(5) will be paid and adjusted in accordance with the filed claim and any subsequent notice of mortgage payment, absent any objection. Amounts claimed pursuant to notice(s) of post-petition fees and expenses

will be paid with first available funds, absent an objection. The filing of the notice of mortgage payment change or notice of post-petition fees or expenses shall be considered notice to the parties in interest of such payment change or increased amount of secured debt; no further notice or filing is required by the trustee or debtor. The secured creditor must advise of the need for monthly change promptly. Pursuant to 11 U.S.C§1322(b)(3) and (10) all maintenance payment shall be deemed current upon conclusion of the case or discharge, and all post-petition defaults are waived. No late charges shall accrue on any secured claim which is maintained in this plan or during this case pursuant to §1322(b)(5). Pursuant to 11 U.S.C.§1322(b)(3) any secured creditor that fails to file a claim waives any default or charges resulting from non-payment. The first scheduled maintenance payment will be credited to first full calendar month after the month of filing of this case and all arrearages should be calculated to allow for such payment schedule.

| *Creditor/Servicer* (*1ˢᵗ Mortgage*) | *Estimated Arrearage* | *Arrearage Monthly Payment* | *Maintenance Payment* |
|---|---|---|---|
| **Agfirst Farm Credit** | *Approximately $3,000.00* | ~~$75.00~~ $105.00 | ~~$975.00~~ $971.70 Beginning 2/17 |
| | | | |

(d) *De Novo Review.* Notwithstanding any provision of this plan, the secured status and classification of any purported secured claim are subject to *de novo* review on the request of the Chapter 13 Trustee made within 90 days following the filing of the claim or the expiration of the deadline for filing proofs of claim, whichever comes later.

**4. Unsecured Claims.**
(a) *Nonpriority.* Except as provided in subparagraph (b) and in paragraph 6 below, allowed nonpriority unsecured claims will be paid: **60 Month, Remainder plan (Guarantee $48,000.00)**

**5. Executory Contracts and Unexpired Leases.** Except the following which are assumed, all executory contracts and unexpired leases are rejected, with any claim arising from the rejection to be paid as unsecured as provided in paragraph 4(a) above:

| *Other Party to Contract* | *Property Description* | *Treatment by Debtor* |
|---|---|---|

**6. Special Provisions.** (Such as cosigned debts, debts paid by third party, student loans, and special priority debts).

**7. Liens to be avoided under §§ 506 or 522 (f).** Confirmation of this plan shall constitute an order avoiding the liens of the following creditors:

**8. Property of the Estate.** All property of the Debtor(s) is included as property of the estate and shall remain so until discharge unless otherwise ordered by the Court.

**LAW OFFICE OF W. THOMAS BIBLE, JR.**

BY: /s/ W. Thomas Bible, Jr.
W. Thomas Bible, Jr., BPR 014754
6918 Shallowford Road, Suite 100
Chattanooga, TN 37421
(423) 424-3116; (423)499-6311(fax)
tom@tombiblelaw.com or melinda@tombiblelaw.com
Attorney for Debtor
